IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SERGE NARCISSE,

        Plaintiff,

v.                                        No. 2:24-cv-01313-JHR

VIRGIN GALACTIC,
TALINE COLE and
JENNY KIM,

        Defendants.

## ORDER FOR AMENDED APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed December 31, 2024 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed December 31, 2024 ("Application")

**Order for Amended Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended

for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

It is not clear from the information in the Application whether Plaintiff is able to pay the costs of these proceedings. Plaintiff explains that he cannot pay the costs of these proceedings stating: "I am continually seeing an Orthopedic following a back surgery and the cost for medication such as Tramadol, Gabapentin, Tizanidine is very high, and also the cost to purchase a back pad to wear on a daily basis." Application at 5. However, elsewhere in the Application, Plaintiff indicates his monthly medical expenses are $300.00. *See* Application at 4. Taking into account the $300 monthly medical expenses, the Application shows that Plaintiff's monthly income exceeds his monthly expenses by $1,025.00, which indicates Plaintiff is able to pay the fees and costs of this action. *See* Application at 2, 5.

The Court orders Plaintiff to file an amended Application that clarifies Plaintiff's income, expenses and ability to pay the fees and costs of this action.

**Order to Show Cause**

Plaintiff alleges that during his employment with Defendant Virgin Galactic, he "was being insulted in several occasions by one of the assistant crew chiefs," Plaintiff reported the incidents to his crew chief and other "leaders" who did nothing about his complaint. Complaint at 2. Plaintiff contends that he was retaliated against by being "removed from the hangar and sent to work at their warehouse, cleaning cabinets and other activities" and that the "retaliation continued with manager's harassment and reminded me that I was not born in the US and English is not my

2

language to just stay silent on their constant reprimands and insults."  Complaint at 2.  Plaintiff also asserts that he "received $5,000.00 sign in when all other employe[e]s had received $10,000 sign in" and after "completing the two week notice I was demanded to return the amount while other employees had quit the company and were never requested to return their amount." Complaint at 2.

Plaintiff filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983."  "The two elements of a Section 1983 claim are (1) deprivation of a federally protected right by (2) an actor acting under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016).  Plaintiff checked the boxes on the Complaint form stating Defendants were acting under color of state law but has not alleged any facts showing that Defendants were acting under color of state law.  *See* Complaint at 1-2.  Consequently, the Complaint fails to state claims pursuant to 42 U.S.C. § 1983.

Plaintiff is asserting discrimination and retaliation claims arising from his employment with Defendant Virgin Galactic.  *See* Complaint at 1.  The Complaint fails to state claims against Defendants Cole and Kim because there are no factual allegations clearly explaining what Defendants Cole and Kim did to Plaintiff.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis added).

It appears Plaintiff is asserting his employment discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2 and 2000e-3.

a Title VII plaintiff bringing a claim of employment discrimination must plausibly allege these elements: (1) she is a member of a protected class, (2) she suffered an

> adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination.
>
> . . . .
>
> a plaintiff asserting a Title VII retaliation claim must plausibly allege (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.

*McNellis v. Douglas County School District*, 116 F.4th 1122, 1139, 1142 (10th Cir. 2024) (quotation marks omitted).  Plaintiff alleges that he was harassed during his employment, was transferred from the hangar to a warehouse after complaining about the harassment, was offered less money as a sign-on incentive than other employees, and was required to return the sign-on money after terminating his employment unlike other employees.  Plaintiff has not, however, alleged facts showing that discrimination and retaliation played a motivating part in the employment decisions.  While Plaintiff is not required to plead any specific facts to state a claim, Plaintiff must "adequately allege[] the adverse employment actions occurred under circumstances which give rise to an inference of unlawful discrimination" and retaliation.  *McNellis*, 116 F.4th at 1141; *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible").

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims for failure to state a claim upon which relief can be granted.  If Plaintiff asserts the Court should not dismiss his claims, Plaintiff must file an amended complaint.  The amended complaint must comply with the Federal and Local Rules of Civil Procedure.  *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

Plaintiff did not sign his Complaint. *See* Fed. R. Civ. P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention"). Because the Court is ordering Plaintiff to file an amended complaint, the Court will not require Plaintiff to sign the original Complaint at this time. Plaintiff must sign the amended complaint.

**Case Management**

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

**Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

5

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)      Plaintiff shall, within 21 days of entry of this Order, file an amended Application to Proceed in District Court Without Prepaying Fees or Costs.  Failure to timely file an amended Application may result in denial of Plaintiff's Application to proceed *in forma pauperis*.

(ii)      Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss this case; and (b) file an amended complaint.  Failure to timely show cause and file an amended complaint may result in dismissal of this case.

Hon. Jerry H. Ritter
United States Magistrate Judge